IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                          WESTERN DIVISION


LATUNIA LITTLETON                                          PLAINTIFF

VS.                            CIVIL ACTION NO. 5:12-cv-47(DCB)(MTP)

DOLLAR GENERAL CORPORATION;
ESTER WALKER; AMANDA WATSON;
SHANICE BEE; PERSONS UNKNOWN SUED
HEREIN AS JOHN DOES 1-10 WHO ARE
MANAGERS AND/OR EMPLOYEES OF DOLLAR
GENERAL CORPORATION; AND PERSONS
UNKNOWN SUED HEREIN AS JOHN DOES
11-15 WHO ATTACKED LATUNIA LITTLETON,
Individually and Collectively                              DEFENDANTS


                    MEMORANDUM OPINION AND ORDER

    This cause is before the Court on the plaintiff Latunia Littleton's motion to remand **(docket entry 6)**. Having carefully considered the motion and response, the memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

    The Complaint in this action was originally filed in the Circuit Court of Claiborne County, Mississippi, and subsequently removed to this Court by defendants Dollar General Corporation, Amanda Watson and Shanice Bee. In their notice of removal, the defendants allege that "Ester Walker, Amanda Watson and Shanice Bee have been fraudulently joined for the purpose of defeating this Court's jurisdiction." Notice of Removal, ¶ 6. Walker, Watson and Bee are resident citizens of the State of Mississippi. Dollar General is a Tennessee Corporation with its principal place of

business in Goodlettsville, Tennessee.

"When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)( citing 28 U.S.C. § 1441(a)). "To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 572 (5th Cir.2004).

"The doctrine of improper joinder [formerly known as fraudulent joinder] rests on these statutory underpinnings, which entitle a defendant to remove to a federal forum unless an in-state defendant has been properly joined." Id. at 573. The Fifth Circuit recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Id. (quoting Travis v. Irby, 326 F.3d 644, 646–47 (5th Cir. 2003)).

In this case, the second method applies because the defendants do not dispute Littleton's Mississippi citizenship. See Travis, 326 F.3d at 647. "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated

differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Smallwood, 385 F.3d at 573. This test is to be employed "[a]fter all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party." Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002). The Fifth Circuit has rejected the contention that "any mere theoretical possibility of recovery ... suffices to preclude removal," instead requiring "arguably a reasonable basis for predicting that state law would allow recovery." Badon v. RJR Nabisco, Inc., 236 F.3d 282, 286 n.4 (5th Cir. 2000). The defendants bear a heavy burden of proving improper joinder. Smallwood, 385 F.3d at 576.

Courts in this circuit resolve issues of alleged improper joinder in one of two ways. First, the court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Smallwood, 385 F.3d at 573. Ordinarily, this analysis will be determinative. Id. However, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry." Id. The Fifth Circuit has cautioned that:

> a summary inquiry is appropriate only to identify the
> presence of discrete and undisputed facts that would

3

> preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant .... Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

Id. at 573-74.

In this case, the plaintiffs' Complaint alleges that on the evening of March 11, 2011, the plaintiff went to the Dollar General Store at 1012 Market Street, Port Gibson, Mississippi. She purchased items in the store, and was walking through the parking lot to her car when she was assaulted and raped in the parking lot by unknown assailants. The Complaint further alleges, in part:

> On or about March 11, 2011, in Port Gibson, Mississippi, Defendants above-named, and each of them, so carelessly and negligently owned, leased, possessed, maintained, operated, supervised, controlled, guarded, secured and constructed said premises in such a way as to create a reasonably foreseeable risk of injury to the patrons of the Dollar General Store, including Plaintiff. Among other things, said Defendants, and each of them, negligently and carelessly and in conscious disregard of the rights and safety of Plaintiff, failed to secure the premises, and failed to take adequate and sufficient measures to prevent, control or deter harmful, injurious, violent and/or dangerous acts by third persons towards patrons on said premises. As a direct and proximate result of said negligence and carelessness, and in particular by reason of the lack of adequate security, control and/or deterrence, John Does 11-15 inclusive, and each of them, were able to and did sexually assault and otherwise physically assault and batter Plaintiff, thereby inflicting serious and permanent damages.

Complaint, ¶ 14. The Complaint alleges the following acts of negligence:

> (a) Failing to exercise ordinary or reasonable care in hiring, training, supervising and maintaining their employees, servants, agents, officers and representatives;
>
> (b) Failing to exercise ordinary or reasonable care in providing a safe shopping environment;
>
> (c) Failing to recognize, implement and adhere to applicable rules and regulations pertaining to their employees, servants, agents, officers;
>
> (d) Failing to provide proper, adequate and sufficient protection to Plaintiff;
>
> (e) Failing to properly supervise the premises in question;
>
> (f) Failing to warn Plaintiff of the inherent dangers of shopping there;
>
> (g) Failing to respond in a timely and appropriate manner, despite actual and/or constructive knowledge of the sexual harassment and danger of sexual violence which permeated DOLLAR GENERAL CORPORATION's Port Gibson premises;
>
> (h) Failing to supervise employees so as to prevent attacks such as Plaintiff suffered.

Complaint, ¶ 34. Further, the Complaint alleges that defendants Walker, Watson and Bee "personally knew about the unacceptably high risk of assault at the Dollar General Store," and failed to warn the plaintiff of the danger, proximately causing her injuries. Complaint, ¶¶ 44-48.

Dollar General, Watson and Bee removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 on grounds of

5

diversity of citizenship jurisdiction. The plaintiff is a citizen of Mississippi. Dollar General is not considered a Mississippi citizen for diversity of citizenship purposes. Watson and Bee are citizens of the State of Mississippi, as is Walker, a defendant who has not been served with process. The removing defendants assert that Walker, Watson and Bee have been fraudulently joined, while the plaintiff, in a timely filed motion to remand, asserts that joinder of Walker, Watson and Bee is proper.

Because the presence of any one properly joined Mississippi defendant will defeat diversity jurisdiction, the Court will address the joinder of the store manager, Ester Walker. The Court notes that the fact that Walker has not yet been served does not mean Walker has been improperly joined. See Jones v. Lumberman's Mutual Cas. Co., 2002 WL 31012606, *2 (Sept. 9, 2002)("The existence vel non of subject matter jurisdiction simply cannot, as a practical matter, fade in and out depending upon the temporal situation of a party's inability to serve a particular defendant."); Jamison v. Kerr-McGee Corp., 151 F.Supp.2d 742, 746 (S.D. Miss. 2001) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.").

In their Notice of Removal, the removing defendants allege that "Walker, Watson and Bee did not own or occupy the premises

6

where the incident alleged by the Plaintiff occurred, thus they have no duty or obligation to the Plaintiff under Mississippi law concerning the premises." Notice of Removal, ¶ 7 (citing Jones v. James Reeves Contrs., 701 So.2d 774, 782 (Miss. 1997)(agents of the owner or occupier cannot be liable)). However, in Smith v. Petsmart, Inc., 278 Fed.Appx. 377 (5th Cir. 2008), the Fifth Circuit found that "Mississippi law is unclear on the issue of whether a store manager, in addition to a store owner, can be personally liable in premises liability cases." Id. at 380.

In Mayfield v. The Hairbender, 903 So.2d 733 (2005), the Mississippi Supreme Court stated that "the owner, occupant, or person in charge of premises owes to an invitee or business visitor a duty of exercising reasonable or ordinary care to keep the premises in reasonably safe and suitable condition or warning [the] invitee of dangerous conditions not readily apparent which [the] owner knows or should have known of in the exercise of reasonable care." Id. at 735-36. In Petsmart, the plaintiff suing the store owner and store manager contended that the manager was a "person in charge" and therefore owed premises-liability duties to the plaintiff. The Fifth Circuit noted that "[t]wo district courts that have considered this question have come to differing conclusions." Petsmart, 278 Fed.Appx. at 380. The appellate court then concluded that "because we must resolve all uncertainties in the relevant state law in favor of the non-moving party, we assume

7

that under Mississippi law a store manager may qualify as a 'person in charge of premises.'" Id. (citations omitted).

Whether a plaintiff states a cognizable claim against a defendant is determined by reference to the allegations in the plaintiff's original pleading. Smallwood v. Illinois Central Railroad Company, 385 F.3d 568, 573 (5th Cir. 2004). In her Complaint, Littleton alleges specific acts of negligence against the manager, including failure to provide a safe premises, failure to provide adequate protection, failure to supervise, and failure to warn of inherent dangers.

In response to the plaintiff's motion to remand, the removing defendants present an affidavit of Ester Walker, who states that she was not present at the store when the events alleged in the complaint took place. Walker Affidavit, ¶¶ 4-5 ("On March 11, 2011, I worked at this Port Gibson Dollar General Store, but I completed my work at the store prior to 6 p.m. that day. I was not present at this Port Gibson Dollar General store at the time Latunia Littleton was at the store on March 11, 2011, nor was I present when the alleged assault [occurred]."). This does not, however, render Walker's joinder improper.

In general, a premises manager owes store patrons a duty to take adequate and reasonable precautions or measures to protect them from foreseeable harm and danger. In this case, Littleton alleges that Walker "failed to take adequate and sufficient

measures to prevent, control or deter harmful, injurious, violent and/or dangerous acts by third persons towards patrons on said premises." Complaint, ¶ 14. She further alleges that the sexual assault against her was a direct and proximate result of Walker's negligent failure to provide adequate security, control and/or deterrence on the premises. Id. The plaintiff alleges that the condition of the parking lot was "notoriously dangerous," and that the defendants knew of the condition. Id. at ¶¶ 19-20. The plaintiff has also produced evidence of other criminal activity in the Dollar General parking lot. Docket Entry 15, Exhibits A-C.

In Moore v. Patel, 2009 WL 1421300 (S.D. Miss. May 19, 2009), the plaintiff (on behalf of the wrongful death beneficiaries of the deceased who was shot and killed on hotel premises) claimed that the defendants "knew or should have known that the premises they owned and operated was located in a high crime area, and consequently the premises were not reasonably safe for all patrons." Id. at *2. The plaintiff also alleged that "despite the unsafe conditions and inadequacies, Defendants failed to address the unsafe conditions and inadequacies." Id. The court found that the factual allegations were sufficient to show that the plaintiff might be able to recover against the in-state defendant property manager. Id. Further, relying on Petsmart's finding that "Mississippi law is unclear on the issue of whether a store manager, in addition to a store owner, can be personally liable in

9

premises liability cases," the court stated that "[b]ecause Mississippi has not resolved this issue, the Court finds that arguably, there exists 'a reasonable basis for predicting that the state law might impose liability on the facts involved.'" Id. (quoting Travis , 326 F.3d at 648)( additional citations omitted).

In Jones v. Westwick Apartments, LLC, 2011 WL 8198563 (S.D. Miss. June 7, 2011), the plaintiff, who was shot on the defendant's premises, named the premises manager (a Mississippi resident citizen) as a defendant. The removing defendants claimed that the manager could not be a "person in charge" because he was absent from the premises when the incident occurred. The court found:

> ... [The Defendants] argue that Mississippi law requires that an individual must be present on the premises when the subject incident occurs, before a "person in charge" label is conferred and any liability attaches. In doing so, Defendants provide no authority nor any Mississippi cases that would constrain the finding of liability to only those situations where a premises manager is present on the premises. To the contrary, the Court finds courts have determined that Mississippi law attaches liability to property managers and includes them within the class of "person in charge" so long as there is a degree of involvement by the managing individual in the form of direct participation, consent, acquiescence, authorization, direction or at the least, a failure to prevent a tortious act that the manager knows or reasonably should know was occurring.

Id. at *3 (emphasis in original)(citations omitted). Like the court in Moore, the court in Jones acknowledged "an ambiguity in Mississippi case law concerning whether a premises manager can be held personally liable," and stated that it was "not inclined to resolve such ambiguity against the plaintiff." Id. at *4. The

10

court therefore granted the plaintiff's motion to remand.  Id.

Following Petsmart, Moore and Jones, this Court finds that there is a reasonable basis for predicting that Mississippi law might impose liability against defendant Walker on the facts of this case.  Because the defendants have not shown that the plaintiff would not be entitled to any relief against Walker under any set of facts or any possible theory that she could prove consistent with the allegations in her Complaint, the plaintiff's motion to remand shall be granted.  The Court further finds that this case does not qualify for an award of attorney's fees to the plaintiff.  Accordingly,

IT IS HEREBY ORDERED that the Latunia Littleton's motion to remand **(docket entry 6)** is GRANTED, and a separate order remanding this case to the Circuit Court of Claiborne County shall follow;

FURTHER ORDERED that the plaintiff's motion for attorney's fees **(docket entry 7)** is DENIED.

SO ORDERED, this the 26th day of March, 2013.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE